IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-51285
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCIAL MENDOZA-MENDOZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-737-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marcial Mendoza-Mendoza (Mendoza) was convicted by a jury of one count of importation of cocaine and one count of possession of cocaine with intent to distribute and was sentenced to concurrent 121-month terms of imprisonment. Mendoza, who was entering the United States, was stopped as he drove a vehicle into an inspection station on a bridge at Eagle Pass, Texas. Law enforcement agents discovered bundles of cocaine in a hidden compartment of Mendoza's vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza argues that the evidence was insufficient to support his convictions. He contends that the Government did not meet its burden to prove that he knowingly possessed the cocaine concealed in the hidden compartment of the vehicle.

The jury heard evidence that Mendoza made false and inconsistent statements to federal agents he encountered when his vehicle was stopped. Mendoza told agents that he had made only two previous crossings from Mexico in his vehicle and that he was crossing the bridge pursuant to an attempt to sell his vehicle to a man named Carlos. However, when confronted with information that the vehicle had made several previous crossings, Mendoza changed his story and told agents that Carlos had attempted to recruit him to cross illegal drugs into the United States. Mendoza also admitted that he expected to be paid $3,000 for driving the vehicle into the United States. In view of Mendoza's false and inconsistent statements, and considering the reasonable inferences drawn from the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the elements of the offense beyond a reasonable doubt. See United States v. Cuellar, 478 F.3d 282, 295 (5th Cir. 2007) (en banc); United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990).

Mendoza also argues that the district court erred by allowing a federal agent to testify that he had seen other vehicles that contained contraband that had cracks in their windshields similar to a crack on Mendoza's vehicle. Mendoza contends that the testimony regarding the agent's experiences with vehicles that had cracked windshields constitutes evidence that he fit the profile of a drug courier.

Drug-courier profiles "have long been recognized as inherently prejudicial because of the potential they have for including innocent citizens as profiled drug couriers" and therefore are not admissible as substantive evidence of the defendant's guilt. United States v. Williams, 957 F.2d 1238, 1242 (5th Cir.

1992).   Here, however, the challenged testimony served only as background information regarding the decision of the federal agent to refer the vehicle to secondary inspection, rather than as substantive evidence that Mendoza was guilty of the charged offenses.  Accordingly, the district court did not abuse its discretion in allowing the challenged testimony.  See id. at 1241-42.

The judgment of the district court is AFFIRMED.